

NUMBER 13-14-00206-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE RICARDO M. VILLARREAL

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Longoria
### Memorandum Opinion Per Curiam[1]

By petition for writ of mandamus, relator Ricardo M. Villarreal seeks to compel Aida Rivas, the City Secretary for the City of Palmview, Texas (the "City"), to declare that Albino Villarrreal, real party in interest, is ineligible to serve on the City Council due to the residency requirements for that position. The Court requested that the real party in interest, Albino Villarreal, or any others whose interest would be directly affected by the

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

relief sought, to file a response to the petition for writ of mandamus. *See* Tex. R. App. P. 52.4, 52.8. The real party in interest and the respondent Rivas timely filed responses to the petition for writ of mandamus.

In response to the petition for writ of mandamus, the respondent Rivas filed an affidavit including supporting documentation. In short, Rivas testified that she was requested to ascertain whether the real party was an eligible candidate for the office of City Council member, and she has determined that he is not. Her affidavit provides in relevant part that the City Charter for the City requires that the mayor and the council members have resided in the City for at least twelve months preceding the election at which they are candidates. Rivas testified that the real party's "Application for a Place on the Ballot" listed 403 Palma Vista Drive in Palma Vista, Texas as the real party's permanent residence; however, the City attempted to forward correspondence to that address and the United States Postal Service had returned the correspondence to the City with a notation that there was "no such number." The affidavit provides that a "physical inspection of the alleged address revealed a commercial business and not a residence," and that Hidalgo County "CAD" records showed that this address was a "non-homesite" structure. Rivas further testified that the Hidalgo County CAD records show that the real party in interest claims 1200 Bella Vista Avenue, Hidalgo County, Texas, as his homestead, however, that property is not located within the City limits. Rivas concluded that "[c]onsidering the above information and attached Exhibits, Mr. Albino Villarreal does not meet the qualifications to be on the ballot for public office in the City of Palmview, Texas."

2

The Court, having examined and fully considered the petition for writ of mandamus and the responses thereto, is of the opinion that the petition for writ of mandamus and all relief requested therein has been rendered MOOT. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings . . ."); *State Bar of Texas v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994) (stating that, for a controversy to be justiciable, there must be a real controversy between the parties that will be actually resolved by the judicial relief sought). Accordingly, the Court DISMISSES the petition for writ of mandamus as moot. See TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the
11th day of April, 2014.